```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

PRESTON TAYLOR,                   :
                                  :
     Petitioner                   :
                                  :
vs.                               :   CIVIL ACTION NO. 17-00325-WS-B
                                  :
THE STATE OF TEXAS,               :
                                  :
     Respondent.                  :
```

**Report and Recommendation**

Preston Taylor filed the instant 28 U.S.C. § 2254 petition seeking federal habeas corpus relief while incarcerated at Mobile County Metro Jail.[1]  Taylor's petition is not the model of clarity; however, it appears that he is seeking to attack a Harris County, Texas, state court conviction.  (Id. at 2).  A review of the docket reflects that, subsequent to the filing of Taylor's petition, he was transferred to the Harris County Sheriff's Office.  (Doc. 4).

28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such

---

[1] The petition has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72 (a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.

person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Because Taylor was incarcerated in this district at the time of filing of his petition, this Court has concurrent jurisdiction over this action with the United States District Court for the Southern District of Texas, Houston Division, which is the Court that imposed the sentence Taylor is seeking to challenge. See Braden v. 30th Judicial Cir. Court of Ky., 410 U.S. 484, 497-500, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); see also McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978) (recognizing that jurisdiction attaches upon the initial filing for habeas corpus relief and is "not destroyed upon the transfer of petitioner and accompanying custodial change."). While this Court has concurrent jurisdiction with the Southern District of Texas, the Court may transfer the action pursuant to 28 U.S.C. § 2241(d) "in the exercise of its discretion and in furtherance of justice."

In this circuit, it is well recognized that the district of conviction is generally the most convenient and appropriate venue for a challenge to a state conviction or sentence, so the courts of this circuit generally transfer such petitions to the district of conviction. See, e.g., Parker v. Singletary, 974 F.2d 1562, 1581-82 (11th Cir. 1992) (finding transfer "in furtherance of justice" appropriate under § 2241(d)); Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (noting the practice of district courts in Georgia of "transfer[ring] habeas petitions filed in the district where the petitioner is confined to the district where the petitioner was convicted."); Williams v. Florida Supreme Court, 2012 U.S. Dist. LEXIS 59840, 2012 WL 1520274 at *1 n.1 (N.D. Fla. Mar. 29, 2012) ("The district of conviction is generally the most convenient and appropriate venue.") (citations omitted), report and recommendation adopted by 2012 U.S. Dist. LEXIS 59831, 2012 WL 1520273 (N.D. Fla. Apr. 30, 2012); Williams v. Giles, 2012 U.S. Dist. LEXIS 99020, 2012 WL 2929952 at *1 (M.D. Ala. Jun. 15, 2012) (transfer to the district of conviction "is appropriate."), report and recommendation adopted by 2012 U.S. Dist. LEXIS 98585, 2012 WL 2929822 (M.D. Ala. Jul 17, 2012).

The undersigned finds that the Southern District of Texas, Houston Division, where Taylor was convicted and where the records pertaining to his conviction are located, is the most convenient and appropriate venue for this petition. Accordingly, it is recommended that his case be transferred to the Southern District of Texas, Houston Division.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the

4

court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **23rd** day of **January, 2018.**

                                **/s/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**